of preparation for shipment is shown to be four francs sixteen centimes the case; leaving, according to the invoice valuation, but eighty-four centimes, or about sixteen cents, as the value of the contents of the twelve bottles; being one and one-third of a cent per bottle. I cannot come to the conclusion that such a valuation carries with it the truth. The invoices of subsequent importations, introduced on the part of the government, and wherein wine of the same quality, as that libelled in this case, is valued as high as seven and a half francs, while the testimony shows little or no intermediate variation in price, weigh heavily with the court. Therefore, after a full review and careful consideration of the evidence adduced on both sides, I am satisfied that the undervaluation is made out.

Third, as to the false and fraudulent statements touching the character of the merchandise imported. That the wine was falsely described in the invoice is admitted, nay, urged by the claimant. This admission is conclusive against him; for the invoice is not "in all respects true," and the false description or naming of the wine, was a "false, fraudulent practice," under the statute [U. S. v. One Hundred and Twenty-Five Baskets of Champagne] 3 Wall. [70 U. S.] 560, 564. Moreover, the act of June 30, 1864 [13 Stat. 202], subjects imitations to the highest rate of duty imposed upon the "article imitated." This wine, the red wine, is labeled "Blaye Superieur," and is so called in the invoice. If it is "Blaye Superieur," then it should have paid duty at the rate of eighteen francs the case, such having been shown to be the value of the best qualities of "Blaye." If it is an imitation, then again it should have paid a duty at the rate of eighteen francs the case, that being the value of the wine imitated; thus in either case there was a palpable fraud upon the revenue attempted.

I find as the facts of the case that the allegations contained in the first article of the original libel of information, and in the first, second and third articles of the amended libel of information have been proved. My judgment, therefore, is that the property libeled in this suit be condemned and forfeited to the government of the United States.

## Case No. 16,260.

UNITED STATES v. SHACKELFORD.

[3 Cranch, C. C. 178.] 1

Circuit Court, District of Columbia. Nov. Term, 1827.

DUELING—INDICTMENT FOR CARRYING CHALLENGE.

Upon an indictment for unlawfully carrying a challenge to fight a duel, a scienter must be proved.

1 [Reported by Hon. William Cranch, Chief Judge.]

Indictment for unlawfully carrying a challenge to fight a duel.

Mr. Taylor, for defendant, contended that it was necessary for the United States to prove that the defendant knew it to be a challenge. It could not be "unlawfully" carried if he was ignorant that it was a challenge.

Mr. Swann, for United States, contended that the defendant was bound to know; and that he carried it at his peril.

THE COURT decided, nem. con., that the scienter must be proved; and the circumstances that the letter was not sealed, and that the defendant declared that he thought it was a legal notice, were for the consideration of the jury in deciding whether the defendant knew it was a challenge.

## Case No. 16,261.

UNITED STATES v. SHACKELFORD.

[3 Cranch, C. C. 287.] 1

Circuit Court, District of Columbia. April Term, 1828.

INDICTMENT FOR MISDEMEANORS — PROSECUTOR'S NAME.

The name of a prosecutor must be written at the foot of every indictment for a misdemeanor, in Alexandria county, before it is sent to the grand jury, unless it be founded upon a presentment made upon the knowledge of two of the grand jurors, or upon the testimony of a witness called upon by the court or the grand jury.

Indictment for assault and battery upon Jacob Millan. The indictment had been sent to the grand jury by Mr. Swann, attorney of the United States, in consequence of a presentment of the grand jury at November term, 1827, which stated that evidence had been heard before them whereby it appeared that Richard Shackelford, one of the constables of the county of Alexandria, was guilty of an assault on the body of Jacob Millan, but that the time limited by law for the prosecution of misdemeanors had passed.

Mr. Taylor, for defendant, moved to quash the indictment because the name of a prosecutor was not written at the foot of it, according to the law of Virginia (page 105, § 24); and cited the case of U. S. v. Helriggle [Case No. 15,344], at the last term.

THE COURT (MORSELL, Circuit Judge, absent) quashed the indictment, and said they would hear a motion to order the witness to be sent to the grand jury.

See Rev. Code Va. p. 105, § 24; Id. p. 106, § 38; Id. pp. 346, 431; and U. S. v. Hollinsberry [Case No. 15,380].

1 [Reported by Hon. William Cranch, Chief Judge.]